UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
UNITED STATES OF AMERICA,                              :
                                                       :
                    -against-                          :          16-CR-849 (VSB)
                                                       :
TURRON GODFREY,                                        :          **OPINION & ORDER**
                                                       :
                                        Defendant.     :
                                                       :
-------------------------------------------------------X

Appearances:

Jessica Greenwood
U.S. Attorney's Office, Southern District of New York
New York, NY

Mark B. Gombiner
Federal Defenders of New York,
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

        Before me is Defendant Turron Godfrey's ("Godfrey") motion requesting early

termination of his two-year term of supervised release.  (Doc. 43.)  Considering the § 3553(a)

factors and the lack of opposition, I find that early termination is warranted; therefore, Godfrey's

motion is GRANTED.

        **I.        Background and Procedural History**

        On October 13, 2017, Godfrey was sentenced to fifty-two months' imprisonment

followed by three years of supervised release.  (Doc. 33 at 2–3.)  On October 30, 2024, Godfrey

was sentenced to three months' imprisonment for a violation of the terms of his supervised

release, followed by a new term of two years of supervision.  (Doc. 42 at 3–4.)  Godfrey's

supervised release term began on December 13, 2024.  (Doc. 43 ("Motion" or "Mot.") at 1.)

Godfrey has maintained steady employment throughout his supervised release as an installer of fire prevention sprinkler systems, has been living with his partner and their seven-year-old daughter, and has been actively involved in his daughter's care.  (*Id.*)  Godfrey has abided by the terms of his supervised release, including not testing positive for drug tests and refraining from any further criminal activity.  (*Id.*)  Godfrey has served one-and-a-half years out of the two-year term of supervised release.

On May 26, 2026, Godfrey filed a motion requesting early termination of his two-year term of supervised release, which is set to expire on December 13, 2026.  (Mot.)  Later that day, I ordered the Government to file a response by June 3, 2026.  (Doc. 44.)  On June 12, 2026, I issued an order extending the Government's time to provide a response to the Motion *nunc pro tunc* to June 22, 2026.  (Doc. 45.)  On June 22, 2026, the Government filed a letter indicating that it does not oppose the Motion.  (Doc. 46.)

## II.    Legal Standards

Pursuant to Title 18 Section 3564(c),

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).  Federal Rule of Criminal Procedure 32.1(c) provides that a court need not hold a hearing when modifying a term of supervised release if "the relief sought is favorable to the person and does not extend the term of probation or of supervised release; and . . . an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so."  Fed. R. Crim. P. 32.1(c)(2)(B)–(C).

2

### III.   **<u>Discussion</u>**

"The § 3553(a) factors require me 'to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency.'" *United States v. Erskine*, No. 05-CR-1234, 2021 WL 861270, at \*1 (S.D.N.Y. Mar. 8, 2021) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)).  I remain mindful "that supervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation."  *Id.* (internal quotation marks omitted).  Ultimately, the decision whether to grant early termination rests in my discretion.  *Id.* at \*2.

Godfrey has served more than one-and-a-half years of his two-year term of supervised release.  Throughout his supervised release, Godfrey has not had any reported violations of his terms of supervised release.  (Mot. 1.)  Godfrey has demonstrated "exceptionally good behavior," *Lussier*, 104 F.3d at 36, and has taken steps to reintegrate himself into the community by maintaining stable employment, housing, and caring for his daughter who has serious developmental issues, *see Erskine*, 2021 WL 861270, at \*2 (granting early termination request where defendant was "fully compliant with the terms of his supervision" and "ha[d] taken considerable strides in reintegrating into his community through employment and service to his family").  It is also notable that the Government ultimately does not object to the Motion.  *See United States v. Callahan*, No. 08-CR-349, 2018 WL 2947968, at \*1 (S.D.N.Y. June 1, 2018) (granting early termination request where 66-year-old defendant "ha[d] made substantial strides toward rehabilitation," including finding "stable housing and . . . achiev[ing] a substantial period of sobriety," probation did not believe further supervision was necessary, and the Government did not object).

After considering Godfrey's conduct during his term of supervised release, as well as the

§ 3553(a) factors, I find that supervision is no longer necessary for Godfrey.

## IV.   **Conclusion**

Godfrey's motion for early termination of his term of supervised release is GRANTED.

The Clerk of Court is respectfully directed to terminate the gavel at Doc. 43 and to mail this

Opinion & Order to Godfrey at 1157 Intervale Avenue, Apt. 7G, Bronx, NY 10459.

SO ORDERED.

Dated:  June 23, 2026
        New York, New York

Vernon S. Broderick
United States District Judge